

*Derek Reed | Partner*
direct:  (973) 854-6710
dreed@EPGPRlaw.com

April 14, 2026

**VIA ECF**
Hon. Madeline Cox Arleo, U.S.D.J.
Chambers of Madeline Cox Arleo
Martin Luther King Jr. Federal Building
50 Walnut Street
Newark, NJ 07102

Re:    *Portside Towers West Tenant Association, et al. v. The Towers at Portside Urban Renewal Company, LLC,, et al.*  Case No. 2:24-cv-07508-MCA-JRA

Dear Judge Cox Arleo:

This firm represents Defendants (collectively, "Portside") in the above-captioned matter.  We write concerning unfortunate gamesmanship by Plaintiffs (the "Tenants") and their counsel, and we ask for the Court's assistance in maintaining and enforcing the dispute resolution process the Court has ordered in these matters.

On Friday last week, April 10, the Tenants filed a purported notice of voluntary dismissal in this action (ECF No. 31), even though: (1) the Court, with the agreement of the parties, previously *stayed* all matters in this case as part of an agreed dispute-resolution process that includes Portside's action against the City; and (2) Portside, the Tenants, and the City are currently mediating before Judge Falk, at the direction of the Court.  On the same day, the Tenants' counsel filed a copycat lawsuit in Hudson County Superior Court on behalf of different tenants, effectively seeking to forum-shop the Tenants' claims from federal court to state court and avoid this Court's substantial efforts to resolve these matters via settlement or adjudication.

The Court should disallow these wasteful and disruptive tactics.  Portside intends to remove the new state court action to this Court pursuant to the Class Action Fairness Act, so all the Tenants' counsel will have accomplished is a procedural detour that wastes the parties' and the Court's resources.  In the meantime, however, there is the question of how to treat this case and the Tenants' April 10 effort to dismiss it.  As further set out below, Portside requests that the Court strike the Tenants' notice of dismissal as violating the *agreed* stay order the Court entered on September 9, 2024.  (ECF No. 26.)  The Court should retain jurisdiction over this case and the new case filed in Hudson County, which will shortly be before the Court after removal.  It is important to the orderly resolution of these long-running matters that the Tenants are not permitted to play games with the Court's authority.

Please direct replies to:
60 Park Place, 18th Floor, Newark, NJ 07102
Tel: (973) 643-0040 • Fax: (973) 596-1781 • www.EPGPRlaw.com

NEWARK    •    NEW YORK    •    MORRISTOWN

EHRLICH, PETRIELLO, GUDIN,
PLAZA & REED, P.C.

April 14, 2026
Page 2

***The Tenants Avail Themselves Of the Court's Jurisdiction And Agree This Case Should Be Stayed***

As the Court knows, the parties to this case and the related case, *The Towers at Portside Urban Renewal Company, L.L.C., et al. v. The City of Jersey City, et al.* (the "PW Action"), No. 2:23-cv-22291-MCA-JRA, have been working with the Court for nearly two-and-a-half years to resolve disputes arising out of Jersey City's November 2023 decision to strip Portside Towers of a statutory rent control exemption. In the PW Action, Portside challenges that decision under federal and state law. In this case, the Tenants allege that they were overcharged rent based on the City's 2023 rent control decision. Since September 2024, the claims in this case have been *stayed by agreement*, as the parties and the Court recognized that resolving the PW Action would likely resolve or significantly advance the claims in this case.

The Court has invested considerable time and resources in attempting to resolve these disputes, including establishing a mediation process before Judge Falk, which is ongoing. If mediation is unsuccessful, the Court has established a prompt schedule for summary judgment in the PW Action, with briefing to be completed in May 2026. There is substantial reason to believe that resolution of that forthcoming summary judgment motion (if it is required) will also resolve the claims in this case, because if the City's November 2023 decision is deemed unlawful, then there were no overcharges.

Given that orderly and long-established process for resolving the claims, Portside was shocked to see the Tenants' purported notice of voluntary dismissal and state-court refiling on April 10. (ECF No. 31.) The notice was shocking because the Tenants repeatedly sought out this Court's jurisdiction in this case and the PW Action, and *agreed* that their claims in this case would be stayed pending resolution of the PW Action. In particular:

- **In April 2024, the Tenants successfully sought to intervene in the PW Action,** requesting that this Court **"take jurisdiction"** of their claims challenging the Board's decision, then pending in the Hudson County Superior Court. (PW Action, ECF No. 29-1 at 1.) In their intervention papers, **the Tenants extolled the importance of having "one court to hear the [claims]," including to "avoid discrepant decisions."** (*Id.* at 4.) This Court permitted intervention. (PW Action, ECF No. 54.)

- **In July 2024, the Tenants again sought this Court's jurisdiction.** They filed the purported class action complaint in this case. (ECF No. 1.) The complaint alleged a claim under the New Jersey Consumer Fraud Act ("CFA"), a claim for common law fraud, and a claim for unjust enrichment. (*Id.*)

- Also in July 2024, Portside successfully argued that the City's lawsuit in Hudson County should be dismissed because the PW Action in this Court triggered the "first-filed rule." (*See* Ex. A (Transcript from July 11, 2024 hearing in Hudson County Superior Court).) **The Tenants agreed—their counsel argued that the City's lawsuit "[did not] belong"**

EHRLICH, PETRIELLO, GUDIN,
PLAZA & REED, P.C.

April 14, 2026
Page 3

> in state court because the the **"first-filed rule applie[d]."**  (*Id.* at 9:14-15, 9:22-23 (Tenants' counsel's comments).)  The Hudson County Superior Court dismissed the City's lawsuit in favor of the proceedings in this Court.

- **On September 9, 2024, the Tenants *agreed* that this case should be stayed pending resolution of the PW Action.**  (ECF No. 26.)  The parties agreed to stay this case because they recognized that resolution of the PW Action would likely resolve or at least substantially advance the claims in this case.

Since the Court entered the stay in this case in September 2024, the parties have continued to litigate the PW Action, with this Court overseeing discovery, ordering a method to calculate interim rent payments for certain Tenants, and, as mentioned above, setting a process to resolve the dispute.  In line with that process, the parties have proceeded in mediation before Judge Falk since June 2025.

### *The Tenants Seek To End-Run The Court's Authority And Forum Shop In State Court*

On April 10, 2026, however, after affirmatively seeking out this Court's jurisdiction and availing themselves of the Court's efforts to resolve these matters, the Tenants suddenly reversed course and filed their notice of voluntary dismissal.  (ECF No. 31.)  At the same time, different Tenants represented by the same counsel filed a substantially similar lawsuit in Hudson County Superior Court, *Rita Botelho, et al. v. The Towers at Portside Urban Renewal Company, LLC, et al.*, No. HUD-L-001490-26.  (Ex. B.)  All named plaintiffs in both class actions are current or former tenants at Portside Towers; the named plaintiffs in both actions are represented by the same firm, Saltz, Mongeluzzi, Bendesky, PC; the definition of the putative class in both actions is essentially the same; and both complaints are substantially the same.  The newly-filed class action alleges a claim under the CFA, a claim under the New Jersey Truth-in-Consumer Contract, Warranty, and Notice Act, and a claim for breach of contract.  The complaint is based on the Board's November 2023 decision and, among other relief, seeks to recover rental amounts the Tenants have allegedly overpaid.

The Tenants' April 10 actions show a plain disregard for Judge Cox Arleo's efforts to handle these cases in a coordinated and orderly manner.  In essence, the Tenants and their counsel, having convinced the Court to allow them to participate in the PW Action, and having agreed that this case would be stayed pending the PW Action, now seek to breach their agreements and forum-shop their claims in state court, threatening exactly the type of uncoordinated and conflicting proceedings they once warned against.

Portside intends to remove the new Hudson County action to this Court.  In the meantime, however, consistent with the Court's broad authority under Federal Rule of Civil Procedure 1 to ensure "'the just, speedy, and inexpensive determination of every action,'" the Court should preserve the orderly dispute resolution process it ordered.  *See, e.g., Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 123 (3d Cir. 2009) (quoting Fed. R. Civ. P. 1).

EHRLICH, PETRIELLO, GUDIN,
PLAZA & REED, P.C.

April 14, 2026
Page 4

### *The Tenants' Dismissal Violates The Stay And Should Be Stricken*

The Tenants cannot unilaterally dismiss this action. They *agreed* and the Court *ordered* that all matters in this case are stayed pending resolution of the PW Action. (ECF No. 26.) To dismiss the case, the Tenants must first ask the Court to lift the stay, which the Court should decline. *Hecox v. Little*, 2025 WL 2917023 (D. Idaho Oct. 14, 2025) is instructive. There, the court struck the plaintiff's notice of voluntary dismissal filed while proceedings in the case were stayed. *Id.* at *1. The case was pending for multiple years while the defendant appealed the district court's preliminary injunction. *Id.* at *1-2. The court acknowledged that Fed. R. Civ. P. 41 would typically permit a voluntary dismissal because no answer had been filed, but held that the stay order and equitable considerations warranted striking the notice of voluntary dismissal. *Id.* at *2-5. Of note here, the court highlighted the fact that the plaintiff had advocated in favor of a stay ("[plaintiff's] position now is incongruent with her earlier position [regarding the stay]"), the court's "interests in organization and fairness," and "principles of fairness and economy." *Id.* at *5. The court also cited its "'inherent power to control [its] docket.'" *Id.* at *4 (quoting *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006)).

The same principles warrant the same result here. The Court's agreed order staying the case is unambiguous and universal: "This case is hereby stayed pending resolution of the prerogative writ claims in the Related Action [the PW Action]." (ECF No. 26.) Contrary to their prior agreement that adjudication of the class action claims should await this Court's resolution of Portside's prerogative writ claims, the Tenants now seek to leverage the stay (*i.e.*, the fact that no answer or motion for summary judgment has been filed *because of the stay*) to take an incompatible action (*i.e.*, voluntarily dismiss this stayed case to litigate a substantially similar case in state court in parallel to the PW Action). Indeed, absent the stay, the litigation would have progressed beyond the point that the Tenants could have voluntarily dismissed without prejudice. Instead, the parties essentially agreed that if Portside prevailed on its prerogative writ claims in the PW Action, that resolution would be dispositive of this case. The Tenants cannot back out now.

Nor must this Court lift the stay to allow the Tenants' gamesmanship. A district court has "broad power to stay proceedings": "in the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Garcia v. Ocean County*, 2011 WL 1375683, at *2 (D.N.J. Apr. 12, 2011) (quoting *Bechtel Corp. v. Local 215 Laborers' Int'l Union of N. Am.*, 544 F.2d 1207, 1215 (3d Cir. 1976)).[1]

Even without a stay in place, federal courts recognize a "common-law principle of prohibiting the use of voluntary dismissal to accomplish indirectly what cannot be accomplished directly." *Ascendis Pharma A/S v. BioMarin Pharmaceutical Inc.*, --- F.4th --- , 2026 WL 827865, at *6 (Fed. Cir. Mar. 26, 2026). In *Ascendis Pharma*, the Federal Circuit held that the plaintiff could

---

[1] The Court also has the authority to order Tenants' counsel to pay the expenses Portside has incurred "because of" their conduct in "multipl[ying] the proceedings in [this] case unreasonably and vexatiously." 28 U.S.C. §1927.

EHRLICH, PETRIELLO, GUDIN,
PLAZA & REED, P.C.

April 14, 2026
Page 5

not restart a statutory 30-day deadline for seeking a mandatory stay under a federal statute by voluntarily dismissing its initial proceeding and then refiling a virtually identical declaratory judgment action. *Id.* The Tenants similarly seek to use voluntary dismissal to accomplish indirectly what it cannot accomplish directly because of the agreed order staying this case.

Federal courts have also denied voluntary dismissal based on the doctrine of unclean hands to "protect the integrity of th[e] Court" and prevent forum shopping. *Goldstein v. Delgratia Min. Co.*, 176 F.R.D. 454, 458 (S.D.N.Y. 1997). Here, the Tenants have caused Portside to incur significant fees and costs in connection with the ongoing mediation in the PW Action, in which they have not participated in good faith. The Tenants even recently represented to Judge Almonte that mediation is ongoing and that summary judgment motion practice in the PW Action is "unnecessary at this stage," in the face of Portside seeking to proceed with summary judgment briefing in the PW Action based on the Tenants' conduct. (*See* ECF No. 165 at 2, 4.) The Tenants have used the months of ongoing mediation to retain new counsel and prepare the newly-filed class action, which they seek to pursue in state court despite their prior agreement to the Court's orderly and long-established process for resolving the claims in the PW Action and this case. And they have done so after Judge Cox Arleo expressed her view that this dispute should be resolved on a tenant-by-tenant, not a class, basis. This is plainly impermissible forum-shopping and the Tenants (and their counsel) have unclean hands. *See id.* ("The doctrine of unclean hands allows a court to deny relief in an action in which a party has been guilty of unconscionable conduct in relation to the matter that he seeks.").

More generally, the purpose behind Rule 41(a)(1)—to allow a plaintiff to abandon litigation—is plainly not served by allowing the Tenants to dismiss this case during the Court-ordered stay only to refile in state court. *See Ockert v. Union Line Corp.*, 190 F.2d 303, 304 (3d Cir. 1951) (explaining that the purpose of Rule 41(a)(1) is to give a litigant "a right to take [its] case out of court when no one else will be prejudiced by its doing so").

Moreover, regardless of what rights the Tenants might otherwise have under Rule 41(a)(1), the Tenants' agreement to stay this case is an enforceable agreement of which Portside is entitled to specific performance.

\* \* \*

For each of the reasons discussed above, Portside requests that the Court set a status conference in this matter and the soon-to-be-removed new Hudson County matter, and otherwise enter an order with appropriate relief, including to deny voluntary dismissal of this case at this time.

To the extent that the Tenants continue to assert that their purported voluntary dismissal should be effective, Portside requests the opportunity to more fully brief the reasons why they are wrong, including that the Court has authority to enforce the parties' agreement to stay this case and that the Court may have discretion under Rule 23(e) to deny voluntary dismissal of a class action under Rule 41(a)(1), even prior to class certification.

EHRLICH, PETRIELLO, GUDIN,
PLAZA & REED, P.C.

April 14, 2026
Page 6

Respectfully Submitted,

/s/ *Derek D. Reed*
Derek D. Reed

cc: All counsel (via ECF)